# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KENNETH DONAHUE**　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**　　　　　　　　　　　　　　　　　　　　　　　NO. 15-499-JWD-RLB**

**DR. ALONZO WILDER, ET AL.**

## ORDER

Before the Court is defendant Sheriff Jason Ard's Motion for Leave to Re-Depose Plaintiff (R. Doc. 126) filed on March 26, 2018. The Motion is opposed. (R. Doc. 127). Sheriff Ard has filed a Reply. (R. Doc. 129-2).

The Court previously granted the Motion to the extent it seeks expedited consideration. (R. Doc. 128).

**I.　Background**

Plaintiff commenced this civil rights action on July 31, 2015, naming as defendants Dr. Alzonzo Wilder and Nurse Courtney Channey. (R. Doc. 1). Plaintiff alleges that while an inmate housed at the Livingston Parish Detention Center he made several complaints of pain in his right foot and toes and received minimal care from the named defendants,. Plaintiff alleges he was later diagnosed with poor circulation of the toes, which were ultimately amputated. Plaintiff seeks relief from Dr. Wilder and Nurse Channey under 42 U.S.C. § 1983 for denial of medical treatment and negligence under state law.

On May 20, 2016, counsel for Dr. Wilder and Nurse Channey deposed Plaintiff. (R. Doc. 126-1 at 2).

On July 10, 2017, the Court entered into the record Plaintiff's Amended Complaint, which named Sheriff Ard as a new defendant and asserted a claim against him under 42 U.S.C. § 1983 for "failure to supervise" or "failure to train" the original defendants. (R. Doc. 114).

On August 7, 2017, Sheriff Ard made his first appearance in this action. (R. Doc. 118).

On November 9, 2017, the Court entered an Amended Scheduling Order setting, among other things, the deadline to complete non-expert discovery by April 30, 2018. (R. Doc. 124).

On March 26, 2018, Sheriff Ard filed the instant Motion, which seeks leave to re-open the deposition of Plaintiff.

## II.     Law and Analysis

### A.     Legal Standards

Rule 30 of the Federal Rules of Civil Procedure governs depositions by oral examination. A party must obtain leave of court to depose an individual "confined in prison." Fed. R. Civ. P. 30(a)(2)(B). Furthermore, a party must obtain leave of court to take a deposition if the parties have not stipulated to the deposition and "the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). The Court must only grant leave to re-depose a witness "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2).

Rule 26(b)(1) defines the scope of discovery, unless otherwise limited by court order, as follows: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to

be discoverable." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) provides, in relevant part, that the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

**B.     Analysis**

Plaintiff does not oppose the instant motion to the extent Sheriff Ard seeks leave to depose Plaintiff because he is confined to prison. Accordingly, the Court will grant leave to depose Plaintiff pursuant to Rule 30(a)(2)(B).

The sole issue before the Court is whether, and to what extent, a defendant added to a lawsuit after the plaintiff's deposition should be granted leave to re-depose the plaintiff pursuant to Rule 30(a)(2)(A)(ii). There is no dispute that Plaintiff sought a list of the topics to be covered in the second deposition prior to agreeing to stipulate to the deposition. (R. Doc. 126-1 at 3; R. Doc. 127 at 1). Sheriff Ard refused to provide such a list, and now argues that he is "entitled to ask plaintiff any question relevant to the claims asserted in this lawsuit" without limitation. (R. Doc. 126-1 at 3). In opposition, Plaintiff argues that the deposition is sought to harass and is unreasonably cumulative and duplicative. (R. Doc. 127 at 1).

Having reviewed the record and the governing law, the Court will allow Sheriff Ard to notice and take a second deposition of Plaintiff prior to the deadline to complete discovery. When Plaintiff amended his Complaint after his deposition, he raised new theories of liability (failure to supervise and/or train) against a new defendant (Sheriff Ard). This is a situation in which a second deposition is available. *See Kress v. Price Waterhouse Coopers*, No. 08-0965,

3

2011 WL 5241852, at *1 (E.D. Cal. Nov. 1, 2011) (noting that while repeat depositions are not favored, courts have allowed such depositions where "new claims or defenses have been added," "new parties have been added," "and new documents have been produced."); *see also Kleppinger v. Texas Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012) ("Courts have typically reopened a deposition where a witness was inhibited from providing full information at the first deposition or where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition.") (citations omitted).

Given the limitations set forth in Rule 26(b)(2)(C), however, the Court advises Sheriff Ard that the second deposition is not to be conducted without limitation, which would be unreasonably cumulative or duplicative. While the Court will not require Sheriff Ard to provide Plaintiff with a list of topics to be covered in the second deposition, the deposition shall not entail a re-asking and re-answering of the first deposition. *See Christy v. Pennsylvania Tpk. Comm'n*, 160 F.R.D. 51, 53 (E.D. Pa. 1995) (allowing second deposition by newly added defendants but limiting deposition "to areas not covered in the first deposition"); *Perry v. Kelly-Springfield Tire Co.*, 117 F.R.D. 425, 426 (N.D. Ind. 1987) (allowing newly added defendant to take deposition of plaintiff but finding "no logical reason why [defendant] should duplicate the same material covered at the first deposition").

Given that neither party has provided the Court with any detailed information regarding the contents of the first deposition of Plaintiff, the Court will not provide a more detailed limitation of the scope of the second deposition at this time. Minimal overlap with areas previously covered, especially if helpful in focusing the areas of inquiry, should not be objectionable. If, during or after the second deposition, either party files a motion related to the

scope of the second deposition, the Court will award appropriate sanctions to the prevailing party.

**III. Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Sheriff Jason Ard's Motion for Leave to Re-Depose Plaintiff (R. Doc. 126) is **GRANTED IN PART and DENIED IN PART**. Sheriff Ard may notice a second deposition of Plaintiff prior the deadline to complete non-expert discovery. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on April 10, 2018.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**